UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES GUZMAN,

    Petitioner,

v.                                                           CASE NO. 6:06-cv-1271-Orl-31JGG

JAMES MCDONOUGH, et al.,

    Respondents.

_____

**ORDER**

This case is before the Court pursuant to a petition for writ of habeas corpus (Doc. No. 1) filed by a death-sentenced prisoner in state custody and the following matters:

1.    Petitioner filed a Motion to Abate (Doc. No. 3). According to Petitioner, his motion for rehearing, the State's motion to strike the motion for rehearing, and his motion to accept the motion for rehearing as timely filed are all still pending before the Florida Supreme Court. Petitioner states that he filed the instant petition on August 24, 2006, because if the state court determines that his motion for rehearing was untimely filed, his federal habeas wold be untimely if filed after August 25, 2006. He further alleges that the "Florida Supreme Court's ultimate action on the pending motions in that court may affect the status of claims raised in the federal Petition." (Doc. No. 3 at 2.) Petitioner seeks to have this case abated pending the Florida Supreme Court's resolution of the motions pending in that court.

The Court finds that Petitioner has provided good cause for staying these proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (finding that a stay is only appropriate when there is good cause for the petitioner's failure to exhaust the claims in state court and that it would be an

abuse of discretion to grant a stay when the unexhausted claims are plainly meritless or if the petitioner engaged in abusive litigation tactic or intentional delay); *see also Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court. ").  Therefore, Petitioner's Motion to Abate (Doc. No. 3) is **GRANTED**, and this case is **STAYED** pending final resolution of the pending state court proceedings.

   2. *The Clerk of the Court is directed to administratively close this case.*

   3. Petitioner shall file a motion to reopen this case within **THIRTY (30) DAYS** after a *final* decision has been rendered regarding the pending state court proceedings.  **The failure to do so will result in the dismissal of this case without further notice.**

   4. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **DENIED** without prejudice.

   5. *The Clerk of the Court is directed to send a copy of this Order to Respondents and the Attorney General of Florida at the addresses listed below*.

   **DONE AND ORDERED** at Orlando, Florida this <u>8th</u> day of September, 2006.

            GREGORY A. PRESNELL
            UNITED STATES DISTRICT JUDGE

Copies to:
sa 9/8
Counsel of Record

Department of Legal Affairs
Office of the Attorney General
444 Seabreeze Boulevard, 5th Floor
Daytona Beach, Florida 32118

Attorney General of Florida
The Capitol, PL-01

Tallahassee, Florida  32399-0810